# Western Union Telegraph Company v. Judkins.

*Bill in Equity for Injunction against Telegraph Corporation to restrain Continuance of Trespass to Land.*

1. *Trespass to land; when court of equity will not enjoin.*—While a court of equity has jurisdiction to restrain the commission or the continuance of trespasses to lands, it will not intervene when the title is purely legal, and the property is not of peculiar value, unless the remedy at law is inadequate, or there is a necessity for intervention to prevent irreparable injury.

2. *Injunction against corporation exercising power of eminent domain without making compensation; when granted.*—The general rule is, that if a corporation, having the right to take lands in the exercise of the power of eminent domain, enters upon them without making just compensation to the owner, a court of equity will intervene for the protection of the owner, until such compensation is made; but the application must be seasonably made, the right to relief being lost by laches in seeking the protection of the court.

3. *Same; when right to relief lost by laches.*—Where lands on which a telegraph corporation had entered and erected its poles, without having first made just compensation to the owner, were sold, and the purchaser allowed more than two years to elapse after he acquired title before he made any complaint of the wrongful act, the laches of himself and of his predecessor in title exclude him from the aid of a court of equity by injunction.

APPEAL from Montgomery Chancery Court.
Heard before Hon. JOHN A. FOSTER.
The facts are sufficiently stated in the opinion.

THOS. G. JONES and J. M. FALKNER, for appellant.

SMITH & McDONALD and H. STRINGFELLOW, JR., *contra.*

[Western Union Telegraph Co. v. Judkins.]

BRICKELL, C. J.—The original and amended bills filed by the appellee, Judkins, state that, individually, and as trustee for several persons who are named, he is possessed of a large tract of land situate in the county of Montgomery, holding under a conveyance executed by one Robert S. Williams. That while the grantor, Williams, had possession of the lands, the defendant, now appellant, a corporation created under the laws of the State of New York, entered upon said lands, without the consent of said Williams, and along the line of the Western Railroad Company, erected poles, and hung wires thereon for the transaction of its business, and has since, without the consent of the complainant, continued the said erection, hindering and preventing the proper and free cultivation of the said lands; and that notice had been given the defendant to remove the said erections, but compliance therewith had been refused. After the filing of the original bill, and after service of the summons, there was a removal of the poles and wires further from the line of the railroad, and, in the removal, there was a trampling down of a crop of cotton growing on said lands. The prayer of the bill is for an injunction restraining the longer continuance of the said erections, and for general relief. A demurrer was interposed to the bill, assigning several distinct causes, all of which may be resolved into the proposition, that a case for equitable interference is not made by the bill. The demurrer was overruled, and from the decree overruling it this appeal is taken.

The injury which forms the gravamen of the bill is a simple, naked trespass; an immediate forcible invasion of the lands of the complainant. A court of equity has jurisdiction to restrain the commission or the continuance of trespasses to lands. But when, as in the present case, the title is purely legal, and the property not of peculiar value, the court will not intervene, unless the remedy at law is inadequate, or there is a necessity for intervention to prevent irreparable injury.—*M. & W. P. R. R. Co. v. Walton*, 14 Ala. 207; *Burnett v. Craig*, 30 Ala. 135; *Brooks v. Diaz*, 35 Ala. 599; *Moses v. Mayor*, 52 Ala. 198; *Boulo v. R. R. Co.*, 55 Ala. 480. "There must be," says Judge Story, "such an injury as from its nature is not susceptible of being adequately compensated by damages at law, or such as, from its continuance or permanent mischief, must occasion a constantly recurring grievance, which can not be otherwise prevented but by an injunction."—2 Story's Eq. § 925. "The foundation of the jurisdiction," it is said by Mr. High, "rests in the probability of irreparable injury, the inadequacy of pecuniary compensation, and the prevention of a multiplicity of suits, and when facts are not shown to bring the case within these conditions, the relief will be refused."

High on Inj. § 697. In the absence of the imminence of irreparable injury, or of the inadequacy of legal remedies, the court will not interfere to stay the commission of a mere trespass upon lands. If this were not the rule of the court, the result would be, that the jurisdiction at law and in equity would be concurrent, whenever there was a continuous invasion by one man of the lands of another, and a writ of injunction would be a fitting auxiliary of the action of ejectment. There is no authority which authorizes the interference of the court to prevent the mere taking possession of lands and holding them *vi et armis ;* nor is there any authority which will justify interference because of the mere continuance of a tortious possession. The entry and possession, however long it may continue, form but one grievance, a single and indivisible cause of action, capable of full redress by legal remedies. *Ballantine v. Town of Harrison,* 37 N. J. Eq. 560 (45 Amer. Rep. 667). If this was the only aspect in which the case was to be considered, there can be no question that the bill is wanting in equity, and the demurrer to it was well taken.

The defendant is a corporation, having the right to take and appropriate lands for the construction of its telegraphic lines. The general rule is, that if a corporation, having the right to take lands in the exercise of the power of eminent domain, enters upon them without making just compensation to the owner, a court of equity will intervene for the protection of the owner until just compensation is made, if he applies seasonably. High on Inj. § 622; Pierce on Railroads, 167–68. But the application must be made seasonably ; the right to relief is lost by laches in seeking the protection of the court.—High on Inj. § 643. In *Bassett v. Salisbury Manufacturing Company,* 47 N. H. 439, the court said : "Another principle which is held to govern the discretion of the court in these cases, is, that the application for the injunction must be seasonably made ; and, therefore, if it appear that the owner of the property supposed to be affected by a nuisance has allowed it to exist for several years, with knowledge of its existence, and without any objection, and especially if he has acquiesced in the claim of another to use and enjoy the subject of complaint as of right, and to expend money upon the strength of it, with his knowledge and without objection, courts of equity will decline to grant an injunction, but leave him to his remedy at law. " A party, having full knowledge of his rights, who stands by and without objection permits a corporation, engaged in the construction of a public work, to enter upon his lands, use and occupy them, can not, after the completion of the work, justly and reasonably ask that the operations of the corporation shall be arrested, and the public subjected to inconvenience, by an injunction. If he

did not assent to the taking of his land, if he claimed just compensation before or at the time of the taking, which is the measure of his right, sheer justice requires that he should make the demand, and, if it is refused, seek the aid of the court before there have been large sums of money expended upon the land, and they have been devoted to uses which can not be disturbed without injury or inconvenience to the public. In such a case, it was said by the Supreme Court of Ohio : " Considerations of public policy, as well as recognized principles of justice between parties, require that we should hold that the property of the owner can not be reclaimed, and that there only remains to him a right of compensation."—*Goodin v. Cincinnati, etc., R. R. Co.*, 18 Ohio St. 169. This is the doctrine of all the courts, and is rigidly applied even by those courts which interfere most liberally for the protection of the owners of lands against the unlawful entry of railroad and similar corporations.—*Binney's case*, 2 Bland's Ch. 99 ; *M. & E. R. R. Co. v. Prudden*, 20 N. J. Eq. 530 ; *Easton v. N. Y. & L. B. R. R. Co.* 24 *Ib.* 49; *Traphagen v. Mayor*, 29 N. J. Eq. 206.

When the corporation constructed its lines over the lands now claimed by the complainant, is not shown specifically by the averments. But it is shown that it was during the estate of his predecessor in title, and that more than two years elapsed after the complainant acquired title before he made any complaint of the wrongful taking of the lands. The laches of the complainant and of his predecessor in title exclude him from the aid of the court by injunction.

The decree of the chancellor is reversed, and the cause remanded for further proceedings in conformity to this opinion.