# Murphy *v.* Green.

*Bill in Equity to Remove Cloud from Title.*

1. *Alienation of wife's lands; void deed of wife may be valid contract to convey.*—A deed from a married woman conveying lands, wherein the husband does not join as a grantor, as required by statute (Code of 1886, § 2348; Code of 1896, § 2528), though void as a conveyance, is a valid contract to convey said lands, when the husband expresses in writing his assent to and concurrence in the execution of said deed, and the purchaser paid the purchase money and entered immediately into the actual, open and notorious possession under claim of ownership.

2. *Same; same; bona fide purchaser at execution sale*—Where one who purchases lands from a married woman obtains from her a deed thereto, which is void as a conveyance, by reason of irregularities in its execution, but he pays the purchase money and

[Murphy v. Green.]

enters immediately into actual, open and notorious possession under claim of ownership, he thereby acquires a perfect equity from the time of the inception of such possession; and a subsequent purchaser of said lands at a sale under execution. levied thereon after said void deed was executed, cannot claim to be a *bona fide* purchaser for value; and especially is this true when, prior to the making of said sale under the execution, there was actual notice given of the claim of the purchaser under said deed.

3. *Deed; defect of void deed cured by subsequent execution of valid conveyance; validity as to subsequent lienors and purchasers.* Where a purchaser of lands pays the purchase money and enters into the actual, open and notorious possession under a deed which is void as a conveyance, the subsequent execution of a valid deed to said lands cures the defect of the first and passes the legal title to the purchaser by relation as from the date of the first deed, so far as lienors and purchasers, who have acquired their liens or purchase with notice of such former purchaser's equity, are concerned.

4 *Same; same; same; equity of bill filed to remove cloud from title.* Where a deed to land is, by reason of irregularities in its execution, void as a conveyance, but the purchaser pays the purchase money and enters into actual, open and notorious possession under claim of ownership, and subsequently a valid deed to said lands is executed to him, he can maintain a bill to remove a cloud from his title, against one holding a sheriff's deed executed to him as purchaser at a sale under an execution levied upon said lands subsequent to the execution of the first deed, but before the execution of the second and valid conveyance.

APPEAL from the Chancery Court of Conecuh.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellee, Joel J. Green, against the appellants, W. H. Murphy and J. C. Travis and M. E. Travis. The bill averred the following facts: On July 15, 1892, the complainant purchased certain lands from Mrs. Mary E. Travis, the wife of J. C. Travis, and on that day she executed to him a deed to said lands. In this deed, the name of M. E. Travis alone appeared as the grantor in the body of the deed, and it was signed by her and attested by two witnesses. After her signature there appeared this statement: "This is to certify that the above grantor is my wife and that she has my unqualified permission to make above grant and sale of the above named lands. This

8

15th day of July, 1892. (Signed.) J. C. Travis."
This signature of Travis was attested by one witness.
The certificate of acknowledgment, made by the notary
public and *ex officio* justice of the peace, certified in the
legal form that Mary E. Travis acknowledged that she
executed said deed. The complainant paid the pur-
chase money and went into immediate possession of said
lands and had remained in possession up to the time of
the filing of this bill.

At the Fall Term, 1894, of the Circuit Court of Butler
county, the defendant, W. H. Murphy recovered a judg-
ment against M. E. Travis. Upon this judgment exe-
cution was issued and levied, on July 5, 1895, upon the
lands described in the deed of conveyance from Mrs.
Travis to the complainant, and under said execution the
lands were sold August 12, 1895, and Murphy, the de-
fendant, became the purchaser. Before the lands were
offered for sale, there was notice given in writing of the
claim of the complainant thereto. On August 8, 1895,
Mrs. M. E. Travis and her husband jointly executed to
the complainant in the regular and legal form, a deed
conveying the lands described in their original deed.
On August 23, 1895, W. H. Murphy brought an action
of ejectment against the complainant to recover the said
lands, basing his right to recover upon his sheriff's
deed.

The prayer of the bill is for an injunction restraining
Murphy from the further prosecution of his ejectment
suit, and that the sheriff's deed be cancelled as a cloud
on complainant's title. To this bill, the defendant Mur-
phy demurred, upon the ground that it contained no
equity, in that the original deed of Mrs. Mary E. Travis,
which was executed prior to the recovery of the judg-
ment by the defendant, Murphy, was void, and, there-
fore, conveyed no title to the complainant.

Upon the submission of the cause upon the demurrer,
the chancellor rendered a decree overruling it. From
this decree the defendant, Murphy, appeals, and assigns
the rendition thereof as error.

J. F. JONES, for appellant.—The deed from Mary E.
Travis to the complainant, Joel L. Green, dated July

15th, 1892, was absolutely void; and, therefore, conveyed no interest whatever to the purchaser.—Code of 1886, § 2348; *Blythe v. Dargin*, 68 Ala. 370.

The mere agreement of the wife to sell her real estate, without the consent or concurrence of the husband, expressed in writing, is void under the statute; and her conveyance, without the consent or concurrence of the husband, shown in the mode prescribed, will not operate as a contract to convey.—*Rooney v. Michael & Lyons*, 84 Ala. 585; *Davidson v. Cox*, 112 Ala. 510.

FARNHAM & CRUM and STALLWORTH & BURNETT, *contra*.—While the deed from Mary E. Travis to Green conveyed no title to the latter, it was valid as an agreement to convey. This being true, Green's rights and equities will be enforced by the chancery court as against Murphy. Upon the subsequent execution of a deed which was valid, the legal title passed to Green, and Murphy having notice of his equity, the title related back to the original transaction or attempt to convey. Of course, in a court of law, these facts could not be set up, and Murphy's title would prevail; hence, a court of equity was the proper forum in which to proceed, to enjoin the suit at law and cancel the sheriff's deed to Murphy, as a cloud on complainant's title, as prayed for.—*Pool v. Cummings*, 20 Ala. 563; *Rooney v. Michael*, 84 Ala. 585.

McCLELLAN, J.—The original deed from Mrs. Travis to complainant, though void as a conveyance, was valid as a contract to convey, having been signed by her with the assent and concurrence of her husband thereon expressed in writing. Moreover, complainant paid the purchase money in full, thus perfecting his equity, and has been in the actual open and notorious possession under a claim of ownership and title since July 15th, 1892. This possession was notice to the respondent Murphy of complainant's perfect equity from the time of its inception, and hence he acquired no standing as a *bona fide* purchaser for value upon the fact of his levy on the land as the property of Mrs. Travis in July, 1895, followed up by his purchase at a sale thereunder in August of that year, even had he not had actual notice of complainant's claim, interest and right prior to

[Murphy v. Green.]

such sale but subsequent to the levy. The second deed executed by Mrs. Travis and her husband to cure the defect in the first put the legal title in the complainant by relation as from the 15th day of July, 1892, so far as lienors and purchasers who acquired their liens or purchased with notice of complainant's equity are concerned; and it follows that, as against Murphy, he has been since July, 1892, and is now, for all the purposes of the case as here presented, invested with the legal title to the land in controversy. But the valid deed from Mrs. Travis and her husband bears date as of August, 1895, subsequent to the levy of Murphy's execution, and of consequence the sheriff's deed to him, reciting the sale and purchase by him under that execution, would upon the face of the instruments vest title in him as against said deed of Mrs. Travis and her husband. The sheriff's deed, therefore, is a cloud upon the complainant's title, and the bill before us is well filled to remove it. The decree of the chancellor overruling the demurrers to it must be affirmed.

Affirmed.

## On Rehearing.

In response to the argument in support of the application for a rehearing, we call attention to the fact that *Blythe v. Dargin*—68 Ala. 370—and other cases in that line of authority were decided with reference to statutes as to the rights and powers of married women existing prior to the act of February 28, 1887. Under those statutes the wife had no power to enter into a contract for the conveyance of her land even with the assent and concurrence of her husband expressed in writing. Under the act of 1887, now forming sections 2341–2351 of the Code, she has that power; and the cases referred to, holding, as they do, that an instrument in form a deed and intended to operate as a conveyance, *signed* by the husband and wife, but in the body of which the husband does not join as a grantor, is not only void as a deed, but also inoperative as a contract to convey because the wife was without power to make such a contract, are not now authoritive.

Application for rehearing denied.