# Rushton *v.* Davis, *et al.* and Shows *v.* Davis *et al.*

*Action for Money Had and Received, and Statutory Trial of the Right of Property.*

1. *Appeals; establishing bills of exceptionss; what character of fraud authorizes vacating order after adjournment of term of court.*—Where the term of the Supreme Court, at which an order establishing a bill of exceptions is granted and the cause is submitted for decision, has adjourned, the appellees in said cause can not, at a subsequent term of the court, have the submission set aside and the order establishing the bill

[Rushton v. Davis *et al.* and Shows v. Davis *et al.*]

of exceptions vacated on the ground of fraud in procuring the establishment of the bill of exceptions, unless the fraud complained of was used in procuring the action of the court in granting the order as distinguished from fraud in the fabrication of the evidence adduced in support of the motion to establish the bill of exceptions. If the fraud complained of is of the latter character it is not such as can be reached by the court after the adjournment of the term at which the order sought to be vacated was made.

2. *Alienation of wife s land; void deed of wife may be valid contract to convey.*—While a deed from a married woman conveying her lands, in the body of which the name of her husband does not appear as grantor, but which was signed and acknowledged by both the wife and her husband, is void and ineffective to divest out of the wife the legal title to the land because the husband did not join therein as grantor, as required by the statute (Code of 1896, § 2528, yet such instrument, if free otherwise from objection, is a valid contract to convey the same.

3. *Same; same; right of purchasers of equity of redemption to balance of money remaining after payment of mortgage debt.* Where, after the execution of a mortgage by a married woman upon her lands she executes a deed to said lands which is invalid because her husband did not join therein as grantor as required by the statute, (Code, § 2528), but which was a valid contract to convey said lands, if after the execution of said deed the mortgage is foreclosed the grantees in said deed as the purchasers of the equity of redemption are entitled, as against a judgment creditor of the grantor, to any balance remaining in the hands of the mortgagee after the payment of the mortgage debt and the expenses of foreclosure, and which, according to the stipulations of the mortgage, was to be turned over to the mortgagor; and such grantee can recover such balance in an action for money had and received against the holder thereof.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN R. TYSON.

On March 5, 1891, Mrs. F. E. Davis executed a mortgage to the American Mortgage Company of Scotland, Limited, upon certain lands, to secure the payment of money borrowed by her from said mortgage company. It was provided in this mortgage that in the event of its foreclosure upon default, that any balance remain-

ing after the payment of the mortgage debt and all expenses incident to the foreclosure, should be paid to the mortgagor, F. E. Davis. Upon default being made in the payment of part of the mortgage debt, said mortgage was foreclosed under the power of sale contained thereon, on March 22, 1897. M. W. Rushton, Esq., acted as the attorney for the mortgage company in selling the land under the mortgage, at public outcry. At this foreclosure sale, one C. F. Gradon became the purchaser of the lands, paying the purchase money to said M. W. Rushton. After satisfying the balance due upon the mortgage debt and paying all expenses incurred in selling the same, there was a balance of $219.13 left in the hands of said Rushton. After the execution of the mortgage, Mrs Davis intermarried with one R. S. Peterson; and on November 2, 1896, as F. E. Peterson, she executed a deed to the same lands included in the mortgage to the Mortgage Company to W. H. Davis, O. H. Davis, M. E. Davis and J. C. Davis. The name of R. S. Peterson, her husband, nowhere appears in the body of this deed, but his name was signed thereto and attached to said deed was a certificate of acknowledgement by both F. E. Peterson and R. S. Peterson of the execution of said deed.

At the Spring Term, 1895, of the Circuit Court of Crenshaw county, one J. W. Beall recovered a judgment against said F. E. Davis, and on October 8, 1895, a certificate of said judgment was filed and recorded in the probate office of said county in the record books kept in the office for such purpose. After the recovery of this judgment against Mrs. Davis, J. W. Beall sold and transferred all his right, title and interest in and to said judgment to one T. W. Shows.

On March 22, 1897, immediately after the foreclosure of the mortgage from Mrs. F. E. Davis to the Mortgage Company, by the sale under the power contained therein, the said T. W. Shows, as the transferee of the judgment recovered by J. W. Beall against Mrs. Davis, sued out a writ of garnishment upon said judgment, which was served upon said M. W. Rushton, in which he sought to subject to the payment of his said judg-

[Rushton v. Davis *et al.* and Shows v. Davis *et al.*]

ment the $219.13 held by him as the balance of the money paid for the purchase of the land at the mortgage sale. M. W. Rushton as such garnishee, answered the writ of garnishment, in which he admitted having in his posession the said $219.13, but suggested that W. H. Davis, O. H. Davis, M. E. Davis and J. C. Davis claimed said money. Thereupon, the said W. H. Davis and others appeared and propounded their claim to said money, and a statutory trial of the right of property was instituted. This claim suit is the case of T. W. Shows v. W. H. Davis *et al.*

On May 15, 1897, W. H. Davis, O. H. Davis, M. E. Davis and J. C. Davis, the grantees in the deed from F. E. Peterson and R. S. Peterson, dated November 2, 1896, brought an action for money had and received against the said M. W. Rushton, seeking to recover said sum of $219.13, in which suit they claimed said money by virtue of said deed. This suit is the case appearing in this court under the style of M. W. Rushton v. W. H. Davis et al. Each of these cases was submitted to the court without the intervention of a jury upon the same statement of facts, which are substantially set forth above. In the claim suit judgment was rendered in favor of the claimants. From this judgment the plaintiff in the garnishment suit appealed and assigned the rendition thereof as error. In the action for money had and received, judgment was rendered in favor of the plaintiffs. From this judgment the defendants appeal, and assign the rendition thereof as error. In this court both of the cases are submitted together as one case.

These two cases were tried before the Hon. JOHN R. TYSON, who was then circuit judge. Before the bill of exceptions was signed, the term of Judge TYSON as circuit judge expired, and having been elected as one of the Justices of the Supreme Court, it was necessary to establish a bill of exceptions in each case. On January 18, 1899, upon motion to establish a bill of excepttions, leave was granted to each party to take testimony for this purpose. In accordance with this order, testimony was taken and affidavits filed. On June 6, 1899,

the testimony was published. In this testimony, there was included an agreed statement of facts which M. W. Rushton, one of the attorneys representing the appellants, made affidavit, was the agreed statement of facts upon which each of the cases was submitted to the trial judge. In this agreed statement of facts there was the following recital: "That on the 2d day of November, 1896, the said F. E. Peterson and her husband, R. S. Peterson, the said F. E. Davis having married said R. S. Peterson since said mortgage was made and since said judgment was obtained, made and executed a deed to W. H. Davis, O. H. Davis, M. E. Davis and J. C. Davis *pretending to* conveying the lands above described, to them, which deed was filed for record," etc. It was also recited in the agreed statement of facts attached to the affidavit of M. W. Rushton that "all papers and records referred to are hereby made a part of this statement of facts and are as follows:" There was then set out the mortgage and other papers referred to in the agreed statement of facts, including the court proceedings in the several cases. This agreed statement of facts constituted the bill of exceptions sought to be established by the appellants in each of the cases. On June 8, 1899, the motion to establish the bill of exceptions was granted, and the cause was continued. The bill of exceptions so established included the agreed statement of facts which was attached to the affidavit of M. W. Rushton as stated above.

On January 17, 1900, at the succeeding term of the Supreme Court, each of the cases was submitted on briefs. On March 29, 1900, the appellees, by their attorney, spread a motion upon the motion docket of the Supreme Court to set aside the submission and vacate the order establishing the bill of exceptions in each of these cases. The grounds of this motion were as follows: First. That since the rendition of judgment in the circuit court in favor of the appellees, from which the appeal in this case was prosecuted, the appellants procured by fraud the establishment of the bill of exceptions by the Supreme Court, which was falsified in the following manner: That since the ren-

dition of the judgment in the court below and the making of the transcript by that court, in which he incorporated the judgment entry of the copy of the written agreed statement of facts, the original agreed statement of facts was materially changed by interlining therein the words "pretending to," which are italicised in the clause of the agreed statement of facts copied above.    That said clause, instead of reading as copied in said agreed statement of facts, which was incorporated in the bill of exceptions established by the court, should have read as follows: "That on the 2d of November, 1896, the said F. E. Peterson and her husband, R. S. Peterson, the said F. E. Davis having married said R. S. Peterson since said mortgage was made and since said judgment was obtained, made and executed a deed to W. H. Davis, O. H. Davis, M. E. Davis and J. C. Davis, conveying the lands above described by them," etc.    That the agreed statement of facts, which was attached to the affidavit and deposition of M. W. Rushton, one of the attorneys in this case, showed that the said words "pretending to" were interlined with a pencil, while the entire body of the original was written with a pen, and that in the opinion of the movants such interlineation was in the handwriting of the said Rushton, and that in writing the bill of exceptions which was established by this court, the said words "pretending to" were incorporated in said statement of facts without the knowledge or consent on the part of the movants or their attorney of record.

Second.    For a second ground for setting aside said submission and vacating the order establishing the bill of exceptions, the movants averred that some one had deliberately falsified another recital of the agreed statement of facts, which falsification consisted of a change in the meaning of and the language composing the last clause contained in the agreed statement of facts, which was as follows: "All the papers and records referred to are hereby made a part of this statement of facts."    The agreed statement of facts was then signed by the attorneys for the respective parties.

[Rushton v. Davis *et al.* and Shows v. Davis *et al.*]

It was then averred in the motion that this last clause was changed in the manner which is stated above, so as to set out as a part of the agreed statement, the mortgage made by F. E. Davis to the Mortgage Company and the other papers and records referred to.

In support of this motion to set aside the submission and vacate the order establishing the bill of exceptions, the movant filed several affidavits, in which the affiants stated that the words "pretending to" as interlined in the agreed statement of facts, which was incorporated in the bill of exceptions, were, in their opinion, in the handwriting of said M. W. Rushton, and that the said words were not in the original agreed statement of facts upon which the cause was submitted for decision in the trial court. In the affidavit made by the attorneys for the appellees, the affiants stated that considering that the appellants were entitled to the establishment of a bill of exceptions, they assumed that the true statement of facts, as given above, would be correctly copied in the bill of exceptions, and that they, therefore, failed to examine the agreed statement of facts as presented, and did not discover the alterations and falsifications that were made, until after the orders establishing the bills of exceptions were granted and the cause was submitted, and not until after the close of the term of the court at which said orders were made.

There were counter affidavits filed by the appellants and their attorneys. M. W. Rushton in his affidavit stated that he did not write the words which were interlined in the agreed statement of facts, nor did he authorize it to be done, and that if they were interlined after the agreed statement was signed by the attorneys of record, it was without his knowledge and consent. The cause was submitted upon this motion of the appellees, together with the affidavits *pro* and *con*.

RUSHTON & POWELL, for appellants.—An issue of fact in a civil case may be tried by the court without a jury. Either party may reserve by bill of exceptions any ruling, opinion or decision of the court.—Code of 1896, § 3321.

Where parties agree as to what the facts in a case are and that the case shall be tried thereon, it is the same thing as a special finding of the facts by the court as fully as if it had made a special finding and rendered judgment thereon.—*LeBron v. Morris & Co.*, 110 Ala. 115; *Hardy & Co. v. Ingram*, 84 Ala. 544; *Skinner v. The State*, 87 Ala. 105.

The deed from F. E. Peterson to appellees was void. She was a married woman at the time of its execution, and the husband did not join in the execution thereof as required by law, his name nowhere appearing in the body of the deed, while the name of F. E. Peterson, the wife, does appear therein as the sole grantor.—Code, 1896, § 2528; *Davidson v. Cox*, 112 Ala. 510.

BRICKEN & BRICKEN, *contra.*—Mrs. Davis having conveyed all her interest to her children could not have sued Rushton for the surplus in hands from the mortgage sale and recovered. Then if this be a fact, the money could not be condemned to pay her debt by garnishment proceedings.—Code of 1896, § 2171, and cases cited; *Craft v. Summersell*, 93 Ala. 430, and authorities; 3 Brick. Dig., 524, §§ 7, 9.; *Nat. Com. Bank v. Miller*, 77 Ala. 168.

The lien of the garnishment could not attach until service of the writ, which was on Sept. 23, 1897. The deed to the Davis children from their mother was filed for record Nov. 2, 1896.—Code of 1896, § 548, and cases cited.

PER CURIAM.—Motions are made in this court to set aside the submissions of these causes, and thereupon to set aside and vacate the order made in each of them on the 8th day of June, 1899, establishing bills of exceptions on the ground that said orders were procured to be made and entered by fraud. From the reporter's statement of the case presented on the motions it will appear that an agreed statement of facts upon which both of the cases were tried in the circuit court was materially altered after the trial, and as altered was inserted in the bills of exceptions proposed to be es-

[Rushton v. Davis *et al.* and Shows v. Davis *et al.*]

tablished, and upon the motion to establish them was sworn to be the correct agreed statement of facts upon which the cases were tried, that counsel for appellees, assuming that the true statement, of facts would be correctly copied into the bill of exceptions, omitted to examine them, and did not discover the alterations until after orders had passed establishing the bills, and submitting the causes; indeed not until after the close of the term of this court at which such orders were made. If these matters had been brought to our attention during the term of the court at which the orders were entered, we should not have hesitated, assuming the facts set up in the present motions to be true, to set aside and vacate the orders. But the fraud complained of is not of such character as will warrant that action at a subsequent term: It is fraud in the fabrication of the evidence adduced in support of the motions to establish the bills of exceptions, and not fraud in the procuring the making of the orders—as, for instance, fraudulently preventing opposition to their entry, falsely assuming to represent the appellees on the motion, falsely asserting notice to them of the motions, and the like. It is fraud of this latter character—in procuring the action of the court as distinguished from fraud and perjury in the evidence offered—that will authorize the court *at a subsequent term* to annul and vacate its judgments. And it is upon this ground— that the fraud complained of is not such as can be reached by the court after the adjournment of the term at which the orders were made—that we overrule and deny the motions now made by the appellees.

HARALSON, J.—It appears from the agreed statement of facts in these cases, that Mrs. Peterson, who was formerly Mrs. Davis, executed a mortgage to the American Mortgage Company of Scotland, Limited, of Edinburgh, Scotland, upon her lands, in which it was provided in express terms "if any surplus shall remain the same shall be paid over to the party of the first part" (Mrs. F. E. Davis). After the execution of this mortgage, and before its foreclosure under the power of sale contained in it, Mrs. Peterson, and her husband,

R. S. Peterson, executed an instrument in writing purporting to be a deed from F. E. Peterson to W. H. Davis, O. H. Davis, M. E. Davis and J. C. Davis, the plaintiffs in the suit against Rushton, and the claimants in the garnishment suit of Shows against Rushton, Davis and others, claimants. The agreed statement of facts also shows, that Rushton had in his possession, as agent for the Mortgage Company, the sum of money here in controversy as a balance after paying and discharging the debt of Mrs. Davis to the Mortgage Company. Shows claims the money under his process of garnishment as the money of his debtor, Mrs. Davis. The Davises claim it by virtue of the assignment of it under the instrument to them executed by their mother, Mrs. Davis.

It is well understood that a debt or demand for which the owner cannot maintain an action of debt or *indebitatus assumpsit* in his own name, cannot be reached and condemned by garnishment at the suit of a creditor.—*Nat. Com. B. v. Miller*, 77 Ala. 168; *Craft v. Summersell*, 93 Ala. 430. So far as the garnishment proceeding is concerned, unless Mrs. Davis is the owner, both legal and equitable, the money cannot be condemned as hers as against the claimants. In other words, if the claimants have the equitable title to the money, or are the beneficial owners of it as between them and the garnishee, the garnishment proceedings must fail. So, too, in the contest between the Davises and Rushton, the action brought by them being an action for money had and received, if they are the equitable owners of the money, they are entitled to recover it.

In speaking of the action of assumpsit for money had and received, this court said in *King v. Martin*, 67 Ala. 177: "This action, in its spirit and purposes, has been likened to a bill in equity, and is an exceedingly liberal action, and will always lie where a defendant has in his hands money which, *ex equo et bono*, he ought to refund to the plaintiff." And in *Planters & Merchants Bank v. Tunstall*, 72 Ala. 142, it was said: "The money received by the appellant in satisfaction.

of the note, was the money of the appellee, in whom the equitable title to the note resided. An action for money had and received is an equitable remedy, and may be supported when the defendant has received money which, in good conscience, he ought not to retain, and which, *ex equo et bono,* belongs to the plaintiff."

This brings us to a consideration of the legal effect of the instrument purporting to be a deed executed by F. E. Peterson and her husband to W. H. Davis and others. It may be conceded, and is, for that matter, beyond the pale of controversy, that as a conveyance of the legal title to the land, it is inoperative, for the obvious reason that the name of R. S. Peterson, the husband, does not appear as a grantor in the body of the instrument.—*Davidson v. Cox,* 112 Ala. 510; *Johnson v. Goff,* 116 Ala. 648. For the same reason it may be said that it did not assign or transfer the legal title to this money. But is it not a good contract to convey? If it is, then unquestionably the grantees in the instrument, purporting to be made for a valuable consideration, could enforce the specific performance of it in a court of equity. This being true, of necessity the grantees named in the instrument acquired an equitable title to the land, and an equitable assignment of the money.

In *Murphy v. Green,* 120 Ala. 112, in the deed made by Mary E. Travis to Green, the name of Mary E. Travis alone appeared as a grantor in the body of the deed, and it was signed by her and attested by two witnesses. After her signature there appeared this statement: "This is to certify that the above grantor is my wife, and that she has my unqualified permission to make above grant and sale of the above named lands. This 15th day of July, 1892. (Signed.) J. C. Travis." The court, through Justice McCLELLAN, said: "The original deed from Mrs. Travis to complainant [Green], though void as a conveyance, was valid 'as a contract to convey, having been signed by her with the assent and concurrence of her husband thereon expressed in writing."

The instrument in this case is unlike the one in the Murphy case, in that the name of Peterson is simply

signed under the name of his wife and acknowledged by him as one of the grantors in the conveyance, no writing appearing upon it signed by him, expressing his assent or concurrence to her executing it. But this is a matter of no consequence. The mere signing by Peterson of the deed was sufficient compliance with sections 2346, 2348, Code of 1886. As said in *Sheldon v. Carter,* 90 Ala. 380 : "Signing the note and mortgage with his wife was a full compliance with the statute by Sheldon, the husband. It was certainly a written expression of his concurrence." Under those provisions of the Code the wife had full capacity to contract in wr ting as if she were a *feme sole,* with the assent or concurrence of the husband expressed in writing. The singning of the deed by Peterson, the husband, was an expression by him of his assent in writing in order to make it a valid contract to convey the lands to the Davises. Being a valid contract to convey, the grantees in the instrument acquired an equitable title to the land and at least were the beneficial owners of the money, and are therefore entitled to recover it in their action against Rushton, and to defeat the garnishee in his attempt to subject it as the property of his debtor, Mrs. Davis.

The judgment in both of these cases must be affirmed.