(88 South. 129)

**IRWIN v. SHOEMAKER et al. (3 Div. 445.)**

(Supreme Court of Alabama. June 30, 1920. Rehearing Denied Nov. 6, 1920.)

**1. Ejectment ⬦⟶6—May be maintained for recovery of growing timber.**

Ejectment may be maintained for recovery of timber standing and growing upon land.

**2. Injunction ⬦⟶36(2)—Cannot take place of ejectment where claim to timber is in dispute.**

If respondent claiming the timber on land was in actual possession of the land to remove the timber, complainant's remedy at law was adequate and complete; a suit for injunction cannot take the place of an action in ejectment, thus invoking the jurisdiction of the court of chancery to decide in which party title to realty resides.

**3. Injunction ⬦⟶52—Respondent in such possession of timber as to remit complainanf to remedy by ejectment.**

Respondent in suit to enjoin his removal of timber who had gone into possession under contract purporting to give him the right to cut the timber as well as the right .of ingress and egress on the land, together with a lease of a mill site, who hád established and operated a mill and cut and removed timber continuously for a number of years, etc., held in such possession of the timber as to remit complainant seeking injunction to her remedy at law by action of ejectment.

**4. Pleading ⬦⟶34(4)—Bill construed against complainant on demurrer.**

On demurrer the bill will be construed most strongly against complainant.

**5. Injunction ⬦⟶163(2)—Temporary injunction not continued pending institution of proceed-. ings at law involving title to growing timber.**

In suit to enjoin the cutting and removal of timber, respondent's contract for such cutting and removal showing that the time for removal of the timber has expired, on remission of complainant to her remedy at law by ejectment the temporary injunction granted her will not be continued until she has had a reasonable time in which to institute proceedings at law, as it will not be assumed that respondent is attempting' to exercise rights under his contract after its expiration.

**6. Injunction ⬦⟶161—Discretion to continue temporary injunctiow pending action at law will not be exercised in favor of unjust complainant.**

Continuance of temporary injunction, against defendant in possession of growing timber under a claimed timber deed from complainant and her husband, to grant complainant reasonable time within which to bring proper action at law, is a matter of judicial discretion, not of right, and will not be extended in behalf of complainant whose conduct in the transaction has been unconscionable and unjust or marked by want of good faith, or who has violated any of the principles of equity or righteous dealing.

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.

Bill by Frances I. Irwin against J. M. Shoemaker and others to acquire title to land and to enjoin certain trespasses. From the decree rendered, complainant appeals. Affirmed.

This is the second appeal in this cause. Irwin v. Shoemaker, 85 South. 269,[1] present term. After the affirmance of the former decree the bill was amended so as to allege in substance the ownership by complainant of the lands described in the contract set out below, that she had her dwelling on the lands, where she had. been residing with her family, and that such of the lands as were susceptible of cultivation had been cultivated by her tenants or by members of her family, and that she had exercised acts of ownership of the lands, paying taxes thereon; that the respondent Shoemaker is claiming some right, title, or interest in the. merchantable timber, except the oak and ash, growing on said lands, with the right of ingress and egress over said lands under the following agreement:

"Know all men by these presents that for and in consideration of two thousand dollars

---

to be paid as hereinafter provided we have granted, bargained, and sold to John M. Shoemaker, all the merchantable timber, except oak and ash on the following lands: All of section 30, except W. ½ of W. ½ of N. W. ¼, the W. ½ of S. W. ¼ of section 20 and S. E. ¼ of S. W. ¼ and S. W. ¼ of S. E. ¼, all of S. E. ¼ of S. E. ¼ south of public road section 19, the N. W. ¼ of N. W. ¼ of section 28, all in township 6, range 11.

"The said J. M. Shoemaker is to have a lease on the mill site and all out buildings for a term of five years, and is to have five years in which to cut and remove timber. But, in the event he should want a longer time in which to cut said timber, or any other additional timber which he may buy, then in that event he shall have an additional time of two years in which to occupy the mill site. The said John M. Shoemaker, in consideration of the above, is to pay $50.00 per month from May 1, 1913, until the two thousand dollars is paid.

"[Signed] Fannie I. Irwin.
"Richard F. Irwin.
"J. M. Shoemaker."

The bill as amended further avers that complainant was the wife of R. F. Irwin, and that she did not execute the conveyance above set out, nor was it signed by any one legally authorized to sign the same, and that it is void under section 4494 of the Code. In the fourth paragraph the complainant sets up that the respondent Shoemaker, with his servants, have repeatedly and continuously since May 1, 1913, entered upon said lands and cut and removed large quantities of timber therefrom; that he continues to trespass upon said lands, threatening to cut the merchantable timber remaining thereon except the oak and ash, and unless restrained will continue to cut the same and otherwise greatly damage said lands by crossing and recrossing with carts, wagons, etc.; that a considerable portion of the land is valuable principally for the timber thereon. The amended bill further avers that complainant is the owner of the sawmill site; that prior to 1913 she operated a sawmill thereon; and that it is her intention to again operate the same for the purpose of manufacturing the timber now remaining on said land into lumber for the market. The fifth paragraph alleges the removal of $2,000 worth of timber from the land by the respondent, for which he should be called upon to account, and further, that if respondent Shoemaker has parted with anything of value under and by virtue of this void instrument, complainant is willing to pay whatever sum may have been expended by him, allowing her such abatements as she is entitled to by law, and submits herself to the court, offering to do equity. The agents of the respondent Shoemaker are made parties respondent, and injunction against further trespass is sought. Temporary injunction was issued.

Demurrers were filed to the bill for multi-fariousness and departure; that the bill shows that respondent is in possession of that part of the lands upon which the timber is located, and that complainant has a plain and adequate remedy at law by suit in ejectment; that it is not alleged in the bill that complainant had instituted a suit at law to settle the title to the property, and no reason is averred for such failure: that it appears from the bill that the title to the timber situated on the land is in dispute, and it is not averred that an action has been brought nor any reason given for failure to bring the same; and further that the bill shows respondent has been continuously in possession of the timber since May 1, 1913, together with the mill site and buildings described.

There was answer to the bill denying the material averments, and also setting up payment of the entire consideration to complainant by monthly installments as provided by the contract, the acceptance of the same by her, and that complainant placed respondent in possession at the time the contract was executed; that he has been in possession, cutting the timber under the contract, up until the institution of this suit, without objection; that he has erected houses on the land to be used by his employés, a sawmill, planing mill, commissary, and other outstanding buildings, and has constructed a railroad across the land, expending in the neighborhood of $10,000, all with the knowledge and consent of complainant, and openly and notoriously; and that complainant has fully ratified the acts of respondent and the rights conferred upon him by the instrument, and is therefore estopped.

Affidavits were offered in support of these averments, and other affidavits were offered as to the value of the timber remaining on the land.

The temporary injunction was dissolved, and the demurrers sustained, and from this decree the appeal is prosecuted.

Hybart, Hare & Ratcliffe, of Monroeville, for appellant.

Mrs. Irwin's actual possession extends to the boundary of the call in her deed. 72 Ala. 77; 113 La. 733, 37 South. 627, 2 Ann. Cas. 127. The possession of timber follows the ownership of the land. 175 Ala. 484, 57 South. 837; 202 Ala. 523, 81 South. 25. An owner in possession can maintain injunction to restrain cutting of timber, and is entitled to injunction to restrain trespass pending determination of the controversy to settle title. 198 Ala. 236, 73 South. 486, L. R. A. 1917C, 232; 175 Ala. 655, 57 South. 437; 201 Ala. 315, 78 South. 91; 117 Miss. 566, 78 South. 360; 156 Ala. 577, 47 South. 109; 182 Ala. 303, 62 South. 519; 38 Cyc. 1007. In order to convey or bind the property of a married

woman, the husband must properly join. Section 4494, Code 1907; 84 Ala. 585, 4 South. 421; 90 Ala. 380, 8 South. 63; 22 South. 112; 192 Ala. 287, 68 South. 371, Ann. Cas. 1916D, 815; 195 Ala. 601, 71 South. 177. There could be no specific performance against Mrs. Irwin. 195 Ala. 601, 71 South. 178; 185 Ala. 179, 64 South. 312; 91 Ala. 629, 8 South. 783; 84 Ala. 585, 4 South. 421; 68 Ala. 370.

Hamilton & Page and J. S. Stearns, all of Evergreen, for appellees.

The court properly sustained demurrers to the bill. 127 Ala. 84, 28 South. 698; 101 Ala. 267, 14 South. 466; 92 Ala. 490, 9 South. 262; 52 W. Va. 1, 43 S. E. 164, 59 L. R. A. 556, 94 Am. St. Rep. 895; 56 N. E. 177, 69 Am. Dec. 728. As to what is a reasonable time within which to institute proceedings to settle a title, see 75 Ala. 345; 7 Ala. App. 358, 62 South. 254; 26 Ala. 272; 36 Ala. 61; 104 Ala. 267, 15 South. 807; 128 Ala. 221, 29 South. 640. We have this case turned around in the case of 96 Ala. 227. Injunction was properly dissolved. 87 Ala. 185, 6 South. 3; 97 Ala. 483, 12 South. 55; 102 Ala. 454, 14 South. 776; 121 Ala. 567, 25 South. 754; 134 Ala. 223, 32 South. 728; 191 Ala. 109, 67 South. 990. The instrument was good as a contract to convey under the cross-bill seeking specific performance. 120 Ala. 115, 22 South. 112; 127 Ala. 287, 28 South. 476; 98 Ala. 481, 13 South. 570, 22 L. R. A. 297, 39 Am. St. Rep. 82; 13 Ala. 292; 90 Ala. 13, 7 South. 756.

GARDNER, J. After the determination of this cause upon former appeal (Irwin v. Shoemaker, 85 South. 209, present term), the bill was amended so as to seek injunctive relief against trespass in the cutting of timber and the operation of a sawmill by the respondent Shoemaker, together with an accounting for timber cut, and therefore complainant now seeks relief upon this theory alone.

[1, 2] That ejectment may be maintained for the recovery of timber standing and growing upon the land is not now controverted. Christopher v. Curtis-Attalla Lbr. Co., 175 Ala. 484, 57 South. 837. The bill shows a dispute as to the title to this growing timber, and if the respondent was in actual possession of the land for removing the timber, then complainant's remedy at law was adequate and complete; for it is settled in this state that such a proceeding as here attempted cannot take the place of an action in ejectment, thus invoking the jurisdiction of a court of chancery to decide in which party the title to realty resides. Driver v. New, 175 Ala. 655, 57 South. 437; Hamilton v. Brent Lbr. Co., 127 Ala. 78, 28 South. 698; Chappell v. Roberts, 140 Ala. 324, 37 South. 241.

Counsel for complainant insist, however, that no such possession of the timber has been shown which would authorize an ejectment suit and therefore the above authorities are without application, and reliance is had upon the cases of Long v. Nadawah Lbr. Co., 202 Ala. 523, 81 South. 25, and Christopher v. Curtis-Attalla Lbr. Co., 175 Ala. 484, 57 South. 837. These authorities are easily distinguishable from the present case, and, indeed, upon careful consideration thereof, support the conclusion that the respondent here was in such actual, open, and notorious possession of the timber on this land as would justify and call for an action of ejectment on the part of the complainant. In the Christopher Case, supra, approval is given to the finding of the Supreme Court of Minnesota in Bolland v. O'Neal, 81 Minn. 15, 83 N. W. 471, 83 Am. St. Rep. 362, where the facts as to the possession of timber land are very similar to those here in question; this court, in speaking of the Minnesota Case, saying:

"This actual possession, adverse to the general owner, was visibly evidenced by the establishment on the land of a large lumber camp to accommodate a hundred men and many horses, including barns, sleeping quarters, cookhouse, storehouse, office, and blacksmith shop. It appears, therefore, that there was an extensive and exclusive possession of the land for the patent purpose of removing the timber, as distinguished from a mere occasional entry and cutting as in the present case; and on such facts it would seem that the Minnesota court correctly ruled that there was such a possession of the timber as imported constructive notice of ownership."

[3] Here the respondent is shown to have gone into possession under a contract purporting to give him the right to cut the timber, as well as the right of ingress and egress upon the land, together with a lease of the mill site. The establishment and operation of the mill and the cutting and removal of the timber continuously for a number of years is shown, together with the building of houses and the laying of a railroad over the tract, and, indeed, that he was in the actual possession of the land for the purpose of removing the timber. The fact that complainant was residing upon a portion of the lands and held deed to all of it, cultivating that which was susceptible of cultivation, is not inconsistent with the possession on the part of respondent of the timber land for the purpose of removing the timber. We think the insistence of counsel for complainant upon this point is sufficiently answered by what was said in the case of McMillan v. Aiken, 182 Ala. 303, 62 South. 519, as follows:

"It is impossible in the nature of things that two contending claimants can at one and the same time be in the actual possession of one and the same tract of land in such wise as to put upon both the burden of establishing their claims by suits at law. One or the other must

hold the position of advantage. The decisions have spoken of a possession such as complainants claim by virtue of their color of title over the land south of Jessamine as actual. Where such possession is not ousted by an opposing possession in fact, it serves the purpose of an actual possession in cases of this character as well as in actions of ejectment, and doubtless that is what the decisions intend. It is nevertheless a fictional or notional possession; and, where reason and the facts so demand, it must be so treated."

We are of the opinion, therefore, that it clearly appears the respondent was in such actual possession as placed upon the complainant the duty of first instituting an action at law. This she has not done, and no excuse is offered either in the bill or proof for the failure to institute such suit.

[4] Construing the bill most strongly against complainant, we think such possession sufficiently appears therein, and the demurrer taking the point was properly sustained. Freer v. Davis, 52 W. Va. 1, 43 S. E. 164, 59 L. R. A. 556, 94 Am. St. Rep. 895.

[5] Ordinarily a temporary injunction, having been granted, will be continued in cases of this character until the parties have had a reasonable time in which to institute proceedings at law, and, failing to do so within a reasonable time and to diligently prosecute the same, the injunction will be dissolved. However, under the peculiar circumstances of this particular case, this rule will be without application. The contract shows that the time for the removal of the timber has expired, and it will not be assumed that the respondent is further attempting to exercise such rights after the expiration of the time allowed. The allowance of a temporary injunction until the prosecution of a suit at law is a matter of discretion on the part of the court that no injustice be done, and that the rights of the parties be protected, but will not be extended in a case of this character where it would appear that such an order would be fruitless and without any benefit. In the instant case there appears no necessity for a modification of the decree of the court below for this purpose. 22 Cyc. 1002. Justices SAYRE and BROWN, however, do not wish to commit themselves to this proposition, but agree that the injunction was properly dissolved upon the ground hereinafter stated.

Much is said by counsel for respondent in brief as well as answer upon the doctrine of equitable estoppel, but opposing counsel insist that as under the averments of the bill the contract was wholly void, equitable estoppel, in the absence of actual fraud on the part of the wife, is incapable of conferring any authority upon the grantee, citing Vansandt v. Weir, 109 Ala. 104, 19 South. 424, 32 L. R. A. 201; Wilder v. Wilder, 89 Ala. 414, 7 South. 767, 9 L. R. A. 97, 18 Am. St. Rep. 130; Jackson v. Knox, 119 Ala. 320, 24 South. 724. See, also, Brusha v. Board of Education, 41 Okl. 595, 139 Pac. 298, L. R. A. 1916C, 233, where many authorities are cited.

Conceding, without deciding, the correctness of this proposition, yet we entertain the view the principle recognized in these authorities is without application here. We think, as previously stated, it has been very clearly made to appear the respondent had made such entry upon the land for the purpose of removing the timber thereon, and was in such actual possession thereof as to place the duty upon the complainant to first bring an action at law; there being a disputed question of title or claim.

Appellant's counsel seems to labor under the impression that the instrument made an exhibit to the bill, not being properly executed as a deed, is absolutely void for any purposes, and unenforceable as a contract to convey, even though it should appear that complainant did in fact execute the same; the signature of the husband thereto not being questioned. Such, however, was not the holding of this court in Rushton v. Davis, 127 Ala. 279, 28 South. 476, and Murphy v. Green, 120 Ala. 112, 22 South. 112. But the insistence is made that there had been some change in section 2346 of the Code of 1886, which was in force at the time of these decisions, and that on that account they are not applicable. Section 2348 of the Code of 1886, however, which is the section of the Code here more directly in point, was brought forward as section 2528 of the Code of 1896 and as section 4494 of the Code of 1907, practically without any change as to this particular feature. We are therefore not impressed with the argument as to the change made in section 2346 of the Code of 1886 as affecting this question. Indeed, the correctness of the holding in Rushton v. Davis, supra, was recognized by this court in the very recent case of Wood v. Lett, 195 Ala. 601, 71 South. 177.

The case of Morris v. Marshall, 185 Ala. 179, 64 South. 312, relied upon by counsel, concerned an oral agreement to convey, and is therefore without application.

The averment in the bill that the complainant did not execute this contract is specifically denied; and it is expressly averred that complainant together with her husband did make, execute, and deliver to respondent the aforementioned instrument.

It therefore appears from the pleadings that complainant was not in possession of this timber, and was asserting some right and title thereto which was denied on the part of the respondent, who shows possession in himself with claim of ownership or right thereto. In Kellar v. Bullington, 101 Ala. 267, 14 South. 466, speaking of a somewhat analogous situation, it was said: "They had the

right to have the claimant put his title and their own to a legal test." Complainant should therefore have instituted an action of ejectment, and, if she saw fit, could doubtless have made application for an injunction against further cutting of the timber in aid of the pending ejectment suit (Tidwell v. Hitt Lumber Co., 198 Ala. 236, 73 South. 486, L. R. A. 1917C, 232); but this she did not do, and the simple question now remains as to whether or not under the facts as disclosed under these pleadings this court will follow the course pursued in Hamilton v. Brent Lumber Co., supra, and Driver v. New, supra, and, by the exercise of judicial discretion, continue in force a preliminary injunction until the complainant shall have had a reasonable time within which to institute an action at law. It is conceded that ordinarily such would be the proper course, but, under the uncontroverted facts as here disclosed, we are unwilling to exercise this discretion in complainant's favor.

The notes executed by respondent to the complainant were paid as each fell due in monthly installments, covering a period of 40 months. Respondent went into possession of the land and proceeded to cut and remove the timber therefrom, expending large sums of money in the enterprise, and continued in the assertion of such rights for several years with the knowledge, acquiescence, and consent on the part of the complainant, without any objection whatever by her until the recent controversy arose, and the parties cannot now be placed in statu quo.

In Adams v. Birmingham Realty Co., 154 Ala. 457, 45 South. 891, it was pointed out, quoting from 2 Pomeroy Equity Jurisprudence, § 817, that acquiescence in the wrongful conduct of another may often operate, upon the principles of and in analogy to estoppel, to preclude the injured party from obtaining many distinctly equitable remedies to which he would otherwise be entitled, and is referred to as quasi estoppel. This rule has been given frequent recognition by this court. Western Union Tel. Co. v. Judkins, 75 Ala. 428; Clifton Iron Co. v. Dye, 87 Ala. 468, 6 South. 192.

[6] This principle, however, is only applicable in the instant case by way of analogy. The continuance of the injunction for the purpose of granting a reasonable time within which to bring the action at law, as before stated, is purely a matter of judicial discretion that right and justice may prevail, and is not a matter of right. Being, therefore, purely a discretionary exercise of power, a court of equity could hardly be expected to extend this favor on behalf of a complainant whose conduct in connection with the same transaction had been unconscionable and unjust, or marked by want of

good faith, or had violated any of the principles of equity or righteous dealing, which it is the purpose of the jurisdiction to sustain. The question is, therefore, not one of equitable estoppel, but simply as to whether or not under the circumstances as here disclosed the discretion of the court should be exercised in complainant's favor—a matter purely of grace, and not of right.

Counsel relies strongly upon the recent case of Tidwell v. Hitt Lumber Co., supra. However, there is nothing in that case which at all militates against the conclusion here reached, and, indeed, the opinion distinguishes the cases of Hamilton v. Brent Lumber Co., supra, and Kellar v. Bullington, supra, from the case then under consideration.

The brief of counsel for appellant upon application for rehearing has been carefully considered by the entire court, the original opinion being modified in some respects upon this reconsideration; but we are persuaded that upon the principles herein discussed the injunction was properly dissolved, and the decree should be affirmed.

Affirmed.

All the Justices concur.

SAYRE and BROWN, JJ., concur as indicated in opinion.