8 So.2d 849

## BOWDEN et al. v. TURNER.

### 4 Div. 216.

Supreme Court of Alabama.

April 14, 1942.

Rehearing Denied June 30, 1942.

Chauncey Sparks, of Eufaula, and J. J. Winn, of Clayton, for appellants.

M. Sollie, of Ozark, and Jackson & Bennett, of Clayton, for appellee.

LIVINGSTON, Justice.

This suit was commenced in the Circuit Court, at law, of Barbour County, by John Wesley Turner against Charlie Bowden and Lock Bowden as an action of statutory ejectment to recover possession of certain lands described in the complaint. Before the completion of the testimony on the trial of the ejectment suit, the trial court removed the cause from the law to the equity docket, and the bill of complaint here considered was there filed to meet the requirements of the statute as to pleading. The respondents Bell Baker and her husband, Lether Baker, were not parties to the ejectment suit.

The appeal is from a decree of the Circuit Court of Barbour County, in equity, overruling demurrers to the bill of complaint.

The relief sought here against Bell Baker and Lether Baker is specific performance of a contract to sell to complainant the lands here involved. The allegations of the bill trace the title of all the parties here involved to one Arthur Turner as a common source. Arthur Turner died in 1916, leaving surviving Bell Turner, his widow and now Bell Baker, Eddie Lee Turner and T. C. Turner as his sole heirs at law and next of kin.

The bill alleges, in substance, that sometime prior to November 1938, Bell Baker and her husband Lether Baker, T. C. Turner, Eddie Lee Turner and his wife Katie Mae Turner orally agreed to sell the lands here involved to complainant, John Wesley Turner, at and for the sum of $250; that a part of the purchase price was paid, and the purchaser put in possession of the land, with the agreement to execute and deliver a deed to him when the purchase price was paid in full: that the purchase price was paid in full, and that in November 1938 a deed was delivered to complainant. That the deed was properly executed by T. C. Turner, Eddie Lee Turner and his wife Katie Mae Turner, but was not properly executed by Bell Baker and her husband Lether Baker, in that, Lether Baker signed the deed by "mark," witnessed by only one witness,—a copy of the deed is attached to and made a part of the bill of complaint, and it does not purport to carry the acknowledgment of Lether Baker. The bill further alleges that complainant was in possession of the land continuously from the date of the oral contract until during the year 1939 when the respondents Charlie Bowden and Lock Bowden, through an ejectment suit against complainant's tenants, evicted said tenants and entered upon, and have since held and now hold, the land involved.

Complainant's theory is, that while the deed, above referred to, is not sufficient to convey the legal title of Bell Baker, it is a contract to convey and one which equity will enforce by a decree for specific performance.

The bill further alleges that Charlie Bowden and Lock Bowden claim title to the interest of Bell Baker and her husband Lether Baker, and T. C. Turner in and to the land involved by virtue of quitclaim deeds executed and delivered to them during the month of August 1939, and before the deed to complainant was recorded. That at the time the quitclaim deeds were executed and delivered to respondents Charlie Bowden and Lock Bowden, the deed to complainant had been signed by Lether Baker by "mark" only and witnessed by only one witness, but that at that time complainant was in possession of the land under his contract to purchase, having paid a part of the purchase price therefor.

The bill further alleges that Charlie Bowden and Lock Bowden claim title to the land involved through the following conveyances and sources, a mortgage by Arthur Turner and wife Bell Turner to W. J. Stewart; foreclosure of the Stewart mortgage, at which foreclosure sale Stewart became the purchaser on February 28, 1921, ownership of the lands by Stewart until his death in June 1934; purchase of the lands by Charlie Bowden and Lock Bowden from Lillie Stewart, the widow of W. J. Stewart, and John Stewart, the sole heir at law of W. J. Stewart. The bill further alleges that the foreclosure sale was void because the debt secured thereby had been paid in full, and that the said W. J. Stewart entered upon the mortgage record in the office of the judge of probate the fact that the indebtedness secured by the mortgage had been paid in full before the foreclosure sale; and that the mortgage was transferred to Bell Turner by W. J. Stewart while she was the widow of Arthur Turner, and before she married Lether Baker.

In addition to the prayer for specific performance of the contract on the part of Bell Baker and Lether Baker, the bill prays that the court will enter a decree to the effect that the equities, interests, rights and title of complainant in and to said lands and each and every part thereof, are paramount and

184

superior to the equities, rights, interest and title claimed by each and all of the respondents therein and thereto: that a reference be held to determine the amount of rent due to complainant by respondents, and that complainant be restored to the possession of the land involved; and for general relief.

Section 8269, Code of 1923 (Title 34, section 73, Code of 1940), provides that "the wife * * * cannot alienate or mortgage her lands, or any interest therein, without the assent and concurrence of the husband, the assent and concurrence of the husband to be manifested by his joining in the alienation in the mode prescribed by law for the execution of conveyances of land."

"Signature" or "subscription", as defined in section 1, Code of 1923, Code 1940, Tit. 1, § 2, "includes mark when the person can not write, his name being written near it, and witnessed by a person who writes his own name as a witness."

 The names of Bell Baker and Lether Baker appear as grantors in the body of the deed. Bell Baker signed by "mark," witnessed by two witnesses and acknowledged her signature separate and apart from the husband. The mark of Lether Baker, witnessed by one witness, constituted his signature under section 1, Code of 1923. As to Bell Baker and Lether Baker, the deed, though void as a conveyance, was valid as a contract to convey having been signed by Bell Baker with the assent and concurrence of her husband thereon expressed in writing. Murphy v. Green, 120 Ala. 112, 22 So. 112; Rushton v. Davis et al., 127 Ala. 279, 28 So. 476; Wood v. Lett et al., 195 Ala. 601, 71 So. 177. Complainant therefore is entitled to specific performance.

The equity of the bill as against respondents Charlie Bowden and Lock Bowden rests upon the theory that these respondents took quitclaim deeds conveying to them the legal title to the land with knowledge of complainant's equitable interest therein.

Actions of ejectment, or those in the nature thereof, are determinable upon the legal, and not the equitable title. Caldwell v. Parmer's Adm'r, 56 Ala. 405; Claraday v. Abraham, 174 Ala. 130, 56 So. 720; Lyons v. Taylor, 231 Ala. 600, 166 So. 15.

The ejectment suit against complainant's tenants is not res adjudicata here. A tenant sued alone may defend upon the title and right of possession of his landlord, but a judgment against him does not bind the landlord, subject to the general rule that any one entering into possession under the defendant pending the suit may be ousted under writ of possession running against the defendant. Smith v. Gayle, 58 Ala. 600; Ex parte Mason, 213 Ala. 279, 104 So. 523.

The equity court has authority to determine all the questions here involved. The rule is general and well recognized that when an equitable cause is presented, the court will, after granting the equitable relief, proceed to do complete equity, and to that end grant incidental relief which may be awarded at law. Yauger v. Taylor, 218 Ala. 235, 118 So. 271; Quinn v. Pratt Consolidated Coal Co., 177 Ala. 434, 59 So. 49.

We find no error in the ruling of the trial court, and the judgment is therefore affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.