# Sims *v.* Alabama Brewing Co.

*Action for Breach of Contract.*

(Decided December 19th, 1901.)

1. *Contract; effect of illegal stipulation upon.*—Where a contract which is entire contains an illegal stipulation, not severable from the rest of the contract, such illegal stipulation vitiates the contract as an entirety; but where the illegal part is severable from the balance, the courts will recognize and enforce the legal part, although the illegality arises out of the violation of a statute.

2. *Contract, when held severable.*—If the part to be performed by one party consists of several distinct and separate items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law such a contract will generally be held to be severable.

3. *Same.*—Where one party to a contract agreed to pay the other party a certain sum for the use of a license to sell liquors, which had theretofore been used by another, and in another part of the contract agreed to pay such other party a similar sum in consideration of a promise by him to advance the money if it became necessary to purchase a new license, the contract is severable, and the latter clause is legal and enforceable.

APPEAL from Jefferson Circuit Court.

Tried before Hon. A. A. COLEMAN.

This was an action by the Alabama Brewing Company against J. F. Sims, for breach of the following contract:

"State of Alabama, Jefferson County. This agreement entered into this the 8th day of May, 1900, by and between the Alabama Brewing Company as one part and J. F. Sims as the other. WITNESSETH: That Whereas, the said J. F. Sims is to conduct a saloon business at No. 2300 Second Avenue in the City of Birmingham, under a license heretofore used by Stinson and Company, the purchase money for which the said Stinson and Company was indebted to the said Alabama Brew-

ing Company and was being paid by said Stinson & Co. at the rate of $71.40 payable on the 23rd of each month. Now, THEREFORE, in consideration of doing business under the said license and the further consideration that in the event it shall become necessary to obtain new State and County license for the year 1900 that the Alabama Brewing Company will advance to the said Sims the money necessary to purchase the same, said Sims hereby agrees to pay $71.40 per month on the 23rd of each month to the Alabama Brewing Company, for the use of said license heretofore used by the said Stinson and Co. And in the event that it does become necessary to purchase new license the said Sims agrees to pay for the same the sum of $71.40 per month during the year 1900."

There was judgment for plaintiff, and defendant appeals.

JOHN H. MILLER, for appellant.—(1.)  Our statute required a license for the dealer in his own name, under penalty.—Code, 1896, p. 1135; Acts, 1898-99, p. 184; Code, § 5076; *Stallings v. Lee*, 123 Ala. 464; *State v. Lang*, 27 Ala. 32; *Lee v. Cassen*, 61 Ala. 312. (2.) The contract is entire and unenforceable.—*Bishop on Cont.*, §§ 471-2; 1 Brick. Dig. p. 377, §§ 34 and 35; *Carrington v. Callen*, 2 Stew. 175; 2 Benjamin on Sales, p. 682, § 788; *Wynne v. Whisenant*, 37 Ala. 46; *Petit v. Petit*, 32 Ala. 288; *McGee v. Lindsey*, 6 Ala. 16; 14 How. 38; 3 Brick. Dig., 145, § 61; 66 Ala. 582; 48 Ala. 572; 123 Ala. 464; Clark on Contr., 471, § 204; 21 Wallace, 441; 2 Gray, 258; 146 Mass. 469; 16 Wallace, 483; 66 Ala. 526; 30 So. Rep. 493.

M. M. ULLMAN, *contra*, cited 2 Parsons on Contr., (7th ed.), 648; 66 Pa. St. 351; 15 Am. & Eng. Ency. Law (2d ed.), 988, 990; 41 Am. Rep. 837; 138 Ill. 390; 25 Ind. 31; 75 Iowa, 550; 11 Cush. 1; 59 Am. Dec., 131.

TYSON, J.—If it be conceded that the promise of defendant to pay to plaintiff $71.40 per month for the use of the license issued to Stinson & Co. was void on

account of illegality, it by no means follows that his promise to pay $71.40 per month to plaintiff for money advanced to purchase a new license to be issued to him was void. It is this latter promise based upon a consideration of a loan of money by plaintiff to defendant to purchase the license necessary to the carrying on of the business in which he was engaged, that this suit is brought to enforce.

Where the contract is entire, incapable of divisibility, the rule undoubtedly is that a promise to do an act which is illegal or a promise to do a legal act based upon an illegal consideration, is void.—Clark on Cont., 471. To state the proposition in another form: "Where a contract which is entire contains a stipulation or agreement which is illegal, and which, therefore, is not severable from the balance of the contract, such illegal stipulation or agreement cannot be ignored and the other provisions of the contract enforced; the illegal stipulation or agreement in such case penetrates and corrupts the whole contract and vitiates it as an entirety." On the other hand, "Where a contract is in part illegal, and the illegal part is severable from the balance, the effect of such illegality is not to render the whole contract illegal, but the courts will recognize and enforce the legal part; and this is true though the illegality arises out of the violation of a statutory prohibition." So, too, "Where the contract contains several independent agreements on the part of one of the parties, and the consideration moving from the other party is apportioned to each agreement, the contract as to such agreements will be held severable, and in case one is illegal as against public policy the others may still be enforced."—15 Am. & Eng. Ency. Law (2d ed.), pp. 988, 990, 991 and notes.

In 2 Parsons on Contracts (8th ed.), p. 633, it is said: "The question whether a contract is entire or seperable is often of great importance. Any contract may consist of many parts; and these may be considered as parts of one whole, or as so many distinct contracts entered into at one time, and expressed in the same instrument, but not thereby made one contract. No precise rule can be given by which this question in a given

case may be settled. Like most other questions of construction, it depends upon the intention of the parties, and this must be discovered in each case by considering the language employed and the subject-matter of the contract. If the part to be performed by one party consists of several distinct and separate items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such a contract will generally be held to be severable."

In the contract before us, we have two distinct and independent promises by the defendant based upon two distinct and independent considerations. By reference to the language employed, the subject-matter of the contract and the object it was intended to accomplish, it is clear that the first promise was based upon the consideration of Stinson & Company's assent to the use of the license by defendant theretofore issued to them and the assumption by him of their indebtedness to plaintiff on account of money loaned by plaintiff to Stinson & Company to purchase said license. It is also clear that the second promise was made upon a consideration to advance defendant the money if it became necessary to purchase a new license, which was fully performed by plaintiff. Manifestly the recital, "Now, therefore, in consideration of doing business under said license" found in the second clause of the contract, although preceding the obligation on plaintiff's part to advance the money to defendant to purchase a new license was no part of the consideration upon which defendant's promise was based to repay the money to be so advanced. That consideration moved from Stinson & Company to defendant and based upon it, defendant made the promise to pay Stinson & Company's debt to plaintiff, which as we have said is not involved in this controversy. Conceding, only for the purposes of this case, that the first promise of defendant was void because based upon an illegal consideration, the second is not; for the very obvious reason that both the consideration and the promise are legal and in nowise dependent on the other consideration or promise expressed in the contract. The apportionment of the two sums to be paid by defendant is

clearly fixed by the terms of the contract, so there is no difficulty in severing the respective considerations and promises on that account. It seems clear to us that the contract was severable.

Affirmed.

*Action for Breach of Constable's Bond.*