(96 South. 583)

### YATES v. McLEOD. (7 Div. 366.)

(Supreme Court of Alabama. May 17, 1923.)

**Homestead ⟨Key⟩123 — Husband's joinder in wife's deed subsequent to delivery held effective to validate it.**

Where a wife's deed to her homestead of October 11, 1921, executed and delivered after her acknowledgment in ordinary form, but not as provided by Code 1907, § 4161, was not joined in by her husband at the time as required by section 4494, but the husband, on January 23, 1922, without her knowledge, wrote his name in it after hers, signed it, erased her name from the acknowledgment certificate, substituted his name therefor and acknowledged it before a proper officer, and thereafter the wife acknowledged it, the interlineation and substitution of his name for hers in the certificate not constituting alterations effective to invalidate it, his joinder subsequent to delivery, no rights of creditors having intervened, was effectual by relation back to delivery to validate it.

Appeal from Circuit Court, Cleburne County; A. P. Agee, Judge.

Action in ejectment by E. J. Yates against T. A. McLeod. Judgment for defendant, and plaintiff appeals. Affirmed.

Merrill & Allen, of Anniston, for appellant.

The deed executed by plaintiff to defendant was void. There was no delivery after the addition of the husband's name, which was necessary. Code 1907, § 4494; Brown v. Int. H. Co., 179 Ala. 563, 60 South. 841; Gulf Red Cedar Co. v. Crenshaw, 169 Ala. 606, 53 South. 812.

Merrill & Jones, of Heflin, for appellee.

A deed to lands belonging to the separate estate of a married woman, signed and delivered by her on one day and by her husband on a subsequent day, is valid. Scott's Adm'r v. Griggs, 49 Ala. 185; Cahall v. Citizens' Mut. Bldg. Ass'n, 61 Ala. 232; Richardson v. Woodstock Iron Co., 90 Ala. 266, 8 South. 7, 9 L. R. A. 348; Vancleave v. Wilson, 73 Ala. 387; Hood v. Powell, 73 Ala. 171. Where land is the property of the wife, no separate acknowledgment is necessary. Dawson v. Burrus, 73 Ala. 111; Weiner v. Sterling, 61 Ala. 98; Webb v. Globe Sec. Co., 203 Ala. 226, 82 South. 476.

SAYRE, J. Statutory action of ejectment. McLeod came in to defend instead of the terre tenant who held under him. The case was tried by the court on an agreed statement of facts, which may be epitomized as follows: Plaintiff, Euphrasia J. Yates, a married woman, on October 11, 1921, executed and delivered a deed of her homestead to McLeod, acknowledging the same in ordinary form; that is, her voluntary signature and assent was not shown by her examination separate and apart from her husband as provided by section 4161 of the Code, nor did her husband join in the deed at the time of its execution by the wife as prescribed by section 4494. McLeod went into possession. Then, on January 23, 1922, J. M. Yates, the husband, signed the deed, his name being written in the body thereof after the name of his wife. This he did without the knowledge or consent of his wife. At the same time plaintiff's name was erased from the certificate of acknowledgment, the name of her husband substituted, and the date of the acknowledgment changed from October 11, 1921, to January 23, 1922. Then the plaintiff acknowledged the deed in the form prescribed by section 4161 of the Code as of date October 11, 1921. These acknowledgments, original and substitutional, were taken by a justice of the peace, duly authorized. Very shortly thereafter Euphrasia brought this action to recover the land. Judgment went for defendant.

We have referred to section 4161 merely for the purpose of indicating the form of the wife's acknowledgments. Title to the property in suit being in the wife, it is not contended that her acknowledgment separate

---

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and apart from her husband was necessary to the validity of a conveyance by her. Dawson v. Burrus, 73 Ala. 111; Webb v. Globe Securities Co., 203 Ala. 227, 82 South. 476. The question at issue, to state it in the language of the statute (section 4494) is, whether plaintiff's husband manifested his assent and concurrence by joining in the alienation in the mode prescribed for the execution of conveyances of land, and whether there was a delivery of the deed in its present shape. Briefly stated, the argument for plaintiff appellant is that there has been no delivery of a deed manifesting her husband's assent and concurrence in the mode prescribed by law.

We entertain no doubt that the husband's joinder in the deed and his acknowledgment subsequent to its delivery by the wife, no rights of purchasers, creditors, or heirs, having intervened, was effectual by relation back to the date of its delivery to validate the deed of the wife, which without such joinder and acknowledgment was void. This was decided in principle in Scott v. Griggs, 49 Ala. 185. According to the analogy of that case the husband's signature to his wife's deed was a ratification of her act in which he could have joined in the first instance, and such ratification, for the sake of justice, should have relation back to the time of the delivery of her deed. Thereby he joined in the alienation of the homestead and manifested his assent and concurrence substantially in the mode prescribed by law. Cahall v. Citizens' Mutual Bldg. Ass'n, 61 Ala. 246. And such after acknowledgment related back to the original delivery of the deed and validated an otherwise void conveyance. Richardson v. Woodstock Iron Co., 90 Ala. 266, and cases cited on page 269, 8 South. 7, 9 L. R. A. 348. Nor can it be held that the interlineation of the husband's name in the deed or the substitution of his name for that of the wife in the original certificate of acknowledgment constituted alterations effective to invalidate the deed. The husband's effort by these changes was to validate his wife's deed, and her concurrence was manifested by her subsequent acknowledgment of the deed in its new form. To the case thus presented the authority of Gulf Red Cedar Co. v. Crenshaw, 169 Ala. 606, 53 South. 812, where it was held that a deed made effective and operative by delivery cannot be avoided by a subsequent alteration, has no application. There the effort was to change a validly executed deed; here the effort was to validate a deed which, for lack of certain requisites, was void. The two cases are wholly different.

The trial court correctly decided the case. Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.