(102 So. 52)

## McCREARY v. STALLWORTH et al.
### (1 Div. 301.)

(Supreme Court of Alabama. Oct. 23, 1924. Rehearing Denied Nov. 27, 1924.)

1. **Specific performance ⬅10(1), 95—Partial failure of title is bar to specific performance at vendor's suit, but purchaser may require performance to extent of vendor's title.**

Partial failure of title is complete bar to specific performance at suit of vendor and bar to full performance at suit of purchaser, but latter may waive full performance, and sue for specific performance to the extent to which the vendor is able to convey.

2. **Specific performance ⬅10(1)—On partial failure of title, purchase money abated, and vendor required to convey to extent of title.**

In specific performance, where vendor's title partially fails, if purchaser has paid the purchase money, court will decree compensation to him for partial loss of title, and, if not, will make partial abatement of purchase money, and decree conveyance of vendor's title on payment of balance.

3. **Election of remedies ⬅14—Specific performance leaves no breached contract.**

Specific performance of a contract leaves no breached contract.

4. **Election of remedies ⬅15—Decree of specific performance against vendor for interest, possible to convey under option agreement, held bar to action for damages for failure to convey remaining interest.**

Where vendor could not convey complete title because he owned only five-eighths interest, an executed decree against him to convey his interest in land for five-eighths of agreed price, held bar to action for damages for failure to convey remaining three-eighths interest.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Action for damages for breach of an option contract, by Thomas N. Stallworth and

another against James H. McCreary. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

H. H. McClelland, of Talladega Springs, J. D. Ratliffe, of Monroeville, and James J. Mayfield, of Montgomery, for appellant.

The decree in the chancery suit for specific performance was res adjudicata as to this suit. 21 C. J. 1243; 37 Cyc. 780; Bell v. Thompson, 34 Ala. 633; Bogan v. Daughdrill, 51 Ala. 312; 25 R. C. L. 206; Register v. Carmichael, 169 Ala. 588, 53 So. 799, 34 L. R. A. (N. S.) 309; Liddell v. Chidester, 84 Ala. 508, 4 So. 426, 5 Am. St. Rep. 387; Ryall v. Prince, 82 Ala. 264, 2 So. 319; Moore v. Johnston, 87 Ala. 220, 6 So. 50; O'Neal v. Brown, 21 Ala. 482; Drinkard v. Oden, 150 Ala. 475, 43 So. 578; Montgomery I. Wks. v. Roman, 147 Ala. 434, 41 So. 811; Lauderdale Co. v. Perry, 202 Ala. 394, 80 So. 476; Masburg v. Granville, 201 Ala. 5, 75 So. 154; A., T. & N. v. Aliceville L. Co., 199 Ala. 391, 74 So. 441.

Hybart & Hare, of Monroeville, for appellees.

The fact that a promisee of a contract takes all he can get by way of part performance is no waiver of full performance. Boyden v. Hill, 198 Mass. 477, 85 N. E. 413; Givins v. Peake, 1 Dana (Ky.) 225; Bruce v. Kelly, 5 Hun, 229; U. S. v. Haytian, 154 U. S. 118, 14 S. Ct. 992, 38 L. Ed. 930; 1 C. J. 1108; Gilbreath v. Jones, 66 Ala. 129; Watts v. Rice, 75 Ala. 289; Glasser v. Meyrovitz, 119 Ala. 152, 24 So. 514; Greenwood v. Warren, 120 Ala. 71, 23 So. 686; Crowder v. Red Mountain, 127 Ala. 254, 29 So. 847; Dobson v. Hurley, 129 Ala. 380, 30 So. 598; Sou. Ry. v. Cowan, 129 Ala. 577, 29 So. 985; Crausby v. Crausby, 164 Ala. 471, 51 So. 529; Terrell v. Nelson, 199 Ala. 436, 74 So. 929; Irby v. Commercial, etc., 204 Ala. 420, 85 So. 509; Knox v. Spratt, 23 Fla. 64, 6 So. 924; Kennedy v. Hazelton, 128 U. S. 667, 9 S. Ct. 202, 32 L. Ed. 576.

BOULDIN, J. The action is for damages for the breach of an option contract to convey real estate. By the terms of the option, the vendor agreed to sell and convey a described tract of lands at a fixed price, to be paid within a specified time. The vendee elected to take the property under the option, and offered to pay the agreed price within the time named. The vendor refused upon the ground that he could not convey a complete title; that he was the owner of a five-eighths undivided interest, and the other three-eighths were owned by tenants in common, who would not join in the conveyance. The vendee then offered to take his five-eighths interest and pay therefor five-eighths the price agreed to be paid for the whole. This offer was refused.

Thereupon, the vendee and his associate, to whom he had transferred an interest in the option, filed a bill for specific performance, offering to pay five-eighths of the agreed price, and praying that they be permitted so to do, and be decreed all the right, title, and interest of the respondent in the lands. There was a prayer for general relief. The bill was answered, and on June 5, 1920, the cause proceeded to a final decree upon pleadings and proof awarding complainants the relief prayed. This decree was executed, and complainants received a deed for the five-eighths interest in the lands.

The present suit is an action at law to recover damages for breach of the option agreement, by reason of failure to convey the remaining three-eighths interest in the lands. The controlling question here presented is: Does the decree of specific performance create a bar to this action by way of estoppel or res adjudicata?

[1, 2] A partial failure of title is a complete bar to specific performance at the suit of the vendor. This for the manifest reason that the court will not make a contract for the parties, and require the vendee to accept a conveyance to a less interest than agreed. It is also a bar to full performance at the suit of the vendee. The court will not compel the vendor to purchase an outstanding title, nor cast a cloud on the title of strangers to the suit.

The vendee may, however, waive full performance, elect to accept the title which the vendor is able to convey, and maintain a bill for specific performance accordingly. The court, having jurisdiction in such case, proceeds to do complete equity. If the vendee has paid the purchase money, it will decree compensation to him for the partial loss of title. If not, it will make a just abatement of the purchase money, and decree a conveyance of the vendor's title upon payment of the balance.

These principles have been long recognized in Alabama and given application to contracts, wherein the vendor contracted to sell lands of greater area than he owned, or disabled himself to perform by a sale of a portion of the land, or where the land was incumbered with a dower interest. Bass v. Gilliland's Heirs, 5 Ala. 761; Springle's Heirs v. Shields, 17 Ala. 295; Bell v. Thompson, 34 Ala. 633; Bogan v. Daughdrill, 51 Ala. 312; Minge v. Green, 176 Ala. 343, 58 So. 381; Gachet v. Morton, 181 Ala. 179, 61 So. 817; Manning v. Carter, 192 Ala. 307, 68 So. 909; Id., 201 Ala. 218, 77 So. 744. See also 25 R. C. L., pp. 248, 249, §§ 52 and 53; 36 Cyc., p. 740, § 2.

In fixing a just abatement, the prevailing rule is to allow a proportionate part of the purchase money—the same measure of damages or compensation recoverable on breach of warranty of title, if the vendor had executed the contract. Thus in Springle's Heirs v. Shields, 17 Ala. 295, it was said:

"So, also, if the vendor have no title to a portion of the land sold, as a general rule the purchaser may have a specific performance of the contract, so far as it can be performed, and is entitled to compensation for that portion which he cannot get. 1 Ves. & Beam, 358; Wheatley v. Slade, 4 Sim. 126; Sug. on Vend. 301., And if the purchase money has not been paid, equity will relieve the purchaser from the payment of such part as shall be equivalent to the portion of the land for which no title can be made. Story's Eq. Jurisp. § 779, note 1; Graham v. Oliver, 3 Beav. 124–128; King v. Wilson, 6 Beav. 124. But in such cases, it is said that, if the purchaser should insist upon such a performance, the court will grant the relief only upon his compliance with equitable terms. 2 Story's Eq. Jurisp. 106, § 779, citing Patton v. Rodgers. 1 Ves. & Beam, 351; Thomas v. Dering, 1 Keene's Rep. 729, 743, 747."

See, also, Minge v. Green, 176 Ala. 343, 58 So. 381.

[3, 4] Whether this abatement be looked upon as an allowance for partial failure of consideration, or by way of compensation or damages for the loss resulting from nonperformance in full, it is the measure of relief in equity, to which the vendee is entitled because of partial failure of title, when he elects to claim partial performance. It is not questioned that, if full performance is had in equity, it is a bar to an action at law for damages for a breach of the contract. The specific performance of a contract leaves no breached contract. In some cases of doubt, concurrent actions for specific performance, and for damages at law, have been allowed to proceed without forcing an election; but final relief under both forms of action is not allowed. In either case the relief is full and exclusive. The equity jurisdiction in cases of specific performance is rested on the inadequacy of the remedy at law, and, where the legal remedy is found adequate, equity declines jurisdiction.

The case is not different when the vendee elects a partial performance. The entire transaction—the res—is drawn within the jurisdiction of the court. The equities are determined as to both parties. The abatement of the purchase money involves as, of course, a determination of the extent to which title has failed, and the naming of the equitable terms upon which the vendee shall have specific performance.

It follows that the decree of specific performance in the case at bar was a complete adjudication of all the rights of the parties growing out of the transaction. This without the aid of the agreement in writing, filed and made a part of the decree.

The defendant was entitled to the affirmative charge on the evidence.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

## On Rehearing.

BOULDIN, J. The urgent insistence of appellees that the opinion is founded in error leads to a review of some of the authorities relied upon by appellees.

25 R. C. L. p. 347:

"Equity may in proper cases grant specific performance. of a contract, and in addition direct the payment of damages. For example, if the defendant has partly disabled himself from carrying out the contract, he may be decreed to perform specifically so much as he is still able to perform, and the plaintiff may recover damages for the residue. The practice existing in the chancery courts as giving compensation as a supplemental relief ·in a suit for specific performance of a contract for the sale of land is not itself an equitable function, damages pertaining more properly to courts of law."

This text deals with the plenary power of the court of equity in such cases. It merely announces that, while a court of law is the usual forum for recovery of damages, in this class of cases the equity court proceeds to award the damages for partial failure of title in the same suit. It does not touch upon the question of the right to proceed at law for damages after the court of equity has decreed the rights of the parties in the suit for specific performance.

The same authority declares:

"*Election of Remedies.*—Not infrequently a plaintiff has the privilege either of suing at law for breach of a contract or of bringing proceedings in equity for the specific performance of such contract. A person cannot, however, recover, in an action at law, the consideration paid on a contract, and at the same time proceed in a court of equity for a specific performance of the same contract." 25 R. C. L. p. 206.

Bryant Co. v. Wilson, 151 N. C. 154, 65 S. E. 932, 134 Am. St. Rep. 982, involved an option to purchase standing timber. Held, specific performance could be granted as to such title as the vendor owned. The court further remarked that damages could have been awarded in the same suit but for the fact they were waived in progress of the cause.

Foley v. McKeegan, 4 Iowa, 1, 66 Am. Dec. 107: Suit for specific performance, with alternate claim for damages. Specific performance was abandoned. The decision in the main deals with the measure of damages in such cases. Does not involve the question here, further than to show that the vendee had an election to claim specific performance or damages.

Woodbury v. Luddy, 14 Allen (Mass.) 1, 92 Am. Dec. 731: Bill in equity for specific performance of contract for sale of land incumbered by dower and homestead rights. The court awarded specific performance, subject to the incumbrances, and awarded damages to the value of the incumbrances. The court said:

"The plaintiff seeks the aid of a court of equity to compel the specific performance of the defendant's contract to convey land. The defendant is unable to make a perfect title, and the court, at the plaintiff's election, will compel the conveyance of so much as the defendant can convey, and will award compensation in the nature of damages for the deficiency. * -* * By making the election, the plaintiff undertakes to receive what the defendant never agreed to give namely, a partial conveyance of the estate; and equity will only allow this on the condition that the defendant shall not thereby be subjected to unreasonable injury. The plaintiff in effect elects to take satisfaction partly in land and partly in money, and if he is allowed to do this, he should only in equity be allowed to receive the fair money value of the part of the estate which is not conveyed to him. In the adjudged cases, though this is sometimes called damages, it is more usually spoken of as an equitable compensation, for the value of that which the defendant does not convey."

Kares v. Covell, 180 Mass. 206, 62 N. E. 244, 91 Am. St. Rep. 271: Contract to convey a tract of lands free from all incumbrances. Thereafter a portion was taken for highway purposes. The court merely announces the rule that the vendee may, at his election, by suit for specific performance, take what the vendor can give, and hold him for damages for the rest, or the vendee may elect to rescind the contract, and recover back the money he has paid. He elected to rescind, and the court sustained a recovery of the purchase money paid.

Townsend v. Vanderwerker, 160 U. S. 171, 16 S. Ct. 258, 40 L. Ed. 383: Here there was a parol contract to purchase a half interest in real estate, the purchaser to contribute one-half of the cost of the property and of improvements thereon. The purchaser fully complied. No conveyance was made, and the vendor thereafter incumbered the entire property by mortgage. The bill was to declare and enforce a trust on the property for the value of one-half interest therein. Discussing remedies in equity, the court said:

"But, if the defendant has not wholly disabled himself from carrying out the contract, he may be decreed to perform specifically so much as he is still able to perform, and plaintiff may recover damages for the residue. Thus in Burrow v. Scammel, 19 C. D. 175, when the defendant's title came to be investigated, it was found that she was possessed of only a moiety of the premises she had agreed to lease to the plaintiff, the other moiety being vested in her son, a minor. She was decreed to specifically perform so much of the contract as she was able to perform, with an abatement of half the rent, and an inquiry as to damages was refused only upon the ground that there was no evidence that plaintiff had sustained any damages. The American cases are also to the

212 ALA.—16

effect that, where the defendant has only partially disabled himself from carrying out the contract, the plaintiff may be entitled to a specific performance, so far as it can be enforced, and may receive compensation in damages for the deficiency. 3 Pomeroy, Eq. Juris. §§ 1405, 1407; Bostwick v. Beach, 103 N. Y. 414."

The court then shows specific performance, so as to vest one-half interest in the purchaser, would leave his interest subject to mortgage; that the complete and adequate remedy to which he was entitled warranted the enforcement of the trust as claimed. We need not pursue the inquiry further.

One class of cases arises where the purchaser has paid the whole or the purchase money. On a bill for specific performance, the court of equity in such case awards a money judgment for the damages arising from partial failure of title, for breach of contract to convey the whole. It cannot be questioned that, in such case, the proportionate part of purchase money paid for the interest the purchaser failed to get would be an element of the damages awarded.

The other class is where the purchase money or a portion thereof is still unpaid. In such case, the court does not do the useless thing of requiring the purchase money paid, and then determining the damages, and causing same to be returned. It proceeds to abate the purchase money in the same measure it would require repayment. If the unpaid balance is not sufficient compensatory damages to the vendee, a decree for the residue will be rendered.

The fault of appellees' argument is in failure to note that the abatement of the purchase money is the awarding of the damages due the vendee, within the meaning of the law. Whether a proportionate part of the purchase money should in all cases be the sole measure of damages, either on abatement or refund, is not before us. That issue arises when the abatement is asked, or recovery sought in the suit of specific performance. The cause of action cannot be split and recovery had in part in the equity suit, and in part in an action at law.

To some judicial minds, the thought of damages for breach of contract, and the thought of specific performance of the contract, are incompatible. These prefer to designate the award by way of refund or abatement in the equity suit as the compensation which equity awards the complainant, in full adjustment of the transaction upon his election to take specific performance. Whether called damages or compensation, we repeat it is the full measure of equitable relief upon an adjudication of all the rights and equities of both parties.

The application for rehearing is overruled.