(133 So. 583)

## COOPER v. PEARCE.

### 6 Div. 745.

Supreme Court of Alabama.

April 2, 1931.

W. A. Weaver and J. Wiley Logan, both of Birmingham, for appellant.

Lange, Simpson & Brantley, of Birmingham, for appellee.

SAYRE, J.

The contract in virtue of which plaintiff (appellant) sought to recover commissions from defendant witnessed an "agreement of sale and purchase between defendant and L. C. Waldrop and Dollie Waldrop, which agreement plaintiff also signed as a party thereto." Defendant is a married woman. The agreement was for the exchange of properties. The property of the Waldrops, man and wife, was estimated to be worth largely more than that of the defendant and the latter was to pay the difference. The contract provided that, "The undersigned [parties to the contract] agree that said properties is [sic] sold and bought respectively through L. B. Cooper Realty Company," plaintiff "(herein referred to as the 'broker'), as agent for the seller," and provided, inter alia, "that if this sale and purchase are not consummated, due to the fault of either party, such party at fault shall be responsible to the broker for the customary compensation." The complaint alleged that said agreement was not consummated by reason, in effect, that defendant failed and refused to perform her engagement therein. The case is brought here for a review of that ruling of the trial court which overruled plaintiff's demurrer to defendant's special plea "A" to the effect, in short, that defendant was a married woman and her undertaking with plaintiff could not be enforced by reason of the provisions of section 8269 of the Code, which provides that the wife "cannot alienate or mortgage her lands, or any interest therein, without the assent and concurrence of the husband, the assent and concurrence of the husband to be manifested by his joining in the alienation in the mode prescribed by law for the execution of conveyances of land." The assent and concurrence of the husband to the contract to convey was as necessary as it would have been to a conveyance and hence the demurrer to the plea was properly overruled.

Appellant seeks to avoid the result indicated above by the suggestion in his brief that the alleged contract was divisible in its provisions and that the complaint sought to enforce a divisible provision which was not offensive to the statute, citing Sims v. Alabama Brewing Co., 132 Ala. 311, 31 So. 35, where it was held on good authority that if the illegal stipulation of a contract is severable from the rest, the courts will recognize and enforce the legal part, although the illegality of the other arises out of the violation of a statute. In this connection appellant contends that when he brought the parties together he earned his commission and that the action based upon appellee's failure to carry

out the contract should not operate to prevent a recovery for services rendered in bringing the parties together. But this argument proceeds upon the theory that plaintiff might recover for the breach of a contract that could not be enforced. The argument furnishes its own refutation. Moreover, if the idea be that services rendered in finding a purchaser for the property of the Waldrops—such services not in themselves offensive to the statute—may for the purposes of this case be severed from services rendered in finding a purchaser for the property of defendant, that idea not only has no basis in the agreement between the parties to that contract, is put out of consideration by the obvious purpose of the contract to have defendant's property applied in part payment for the property of the Waldrops, but in performing the service for the purchase of the Waldrops' property for which he now claims compensation appellant was according to the express terms of the contract acting as agent for the seller, and the agreement to pay would not and cannot be severed in law or fact from so much of the agreement as concerned the title to defendant's property for the additional reason that services rendered in connection with the purchase of the Waldrop property were rendered to the seller, and, the negotiation having failed, the only consideration moving from plaintiff to defendant in connection with that property also failed and without it the contract for commissions to be paid by defendant was a nude pact from which no cause of action could arise.

The judgment overruling appellant's demurrer to the special plea should be, and is, affirmed.

Affirmed.

All the Justices concur.